

FILED

APR **1 9** 2021

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1  ROBERT S. BREWER, JR.
   United States Attorney
2  ANDREW P. SHERWOOD
   Assistant U.S. Attorney
3  Oregon Bar No. 126338
   New York Bar No. 4833166
4  United States Attorney's Office
   880 Front Street, Room 6293
5  San Diego, California 92101-8893
   Telephone (619) 546-9690
6
   Attorneys for United States of America
7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10 UNITED STATES OF AMERICA,          Case No. 20CR1479-DMS

11            Plaintiff,

12       v.                           PLEA AGREEMENT

13 Kevin Alexis Brito,

14            Defendant.

15     IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

16 AMERICA, through its counsel, Robert S. Brewer, Jr., United States

17 Attorney, and Andrew Sherwood, Assistant United States Attorney,

18 and Defendant Kevin Alexis Brito with the advice and consent of

19 George Gedulin, counsel for Defendant, as follows:

20                          I

21                      **THE PLEA**

22     Defendant agrees to plead guilty to Counts 1 and 2 of the

23 Superseding Information, which charges Defendant with Enticement

24 in violation of 18 U.S.C. § 2422(b).

25     In exchange, the Government agrees not to seek any other

26 upward adjustments or departures except as provided for in this

27 agreement unless Defendant breaches the plea agreement or the

28

                              Def. Initials 

1 | guilty plea entered pursuant to this plea agreement is set aside
2 | for any reason. If Defendant breaches this agreement or the guilty
3 | plea is set aside, section XII below shall apply.

4 |     In addition, Defendant consents to the forfeiture allegations
5 | of the Information.  Forfeiture is more fully described in Section
6 | X below.

7 | **II**

8 | **NATURE OF THE OFFENSE**

9 | A.   ELEMENTS EXPLAINED

10 |     The offense to which Defendant is pleading guilty has the
11 | following elements:

12 |     1.   Defendant, using a facility and means of interstate and
13 |        foreign commerce;

14 |     2.   Defendant did knowingly persuade, induce, entice, and
15 |        coerce, an individual who has not attained the age of 18
16 |        years to engage in any sexual activity for which any
17 |        person can be charged with a criminal offense,
18 |        specifically, a violation of 18 U.S.C. § 2251(a); and

19 |     3.   Defendant knew that such individual was less than
20 |        eighteen (18) years of age.

21 | Forfeiture

22 |     As to the forfeiture, Defendant understands the Government
23 | would have to prove by a preponderance of the evidence that the
24 | property(ies) it seeks to forfeit are property, real or personal,
25 | used or intended to be used to commit or to facilitate the
26 | commission of the offense; and/or are property, real or personal,

27 |

28 |

2

Def. Initials KB

constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense.

B.   ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1.   From on or about February 21, 2020 through on or about March 6, 2020, Defendant engaged in online messaging communications with a 10-year-old Minor Victim 1 (MV-1).

2.   During these communications, Defendant asked MV-1 to send him sexually explicit images and videos. In these communications, Defendant pretended to be 13 years old when he was actually 20 years old. He pretended to be 13 years old in order to persuade, induce and entice MV-1 to send him sexually explicit images and videos.

3.   As a result of these communications and requests by Defendant, MV-1 sent Defendant through the internet, sexually explicit pictures and videos, including images of MV-1 spreading her labia with her hand with a clear focus on MV-1's genitals and videos of MV-1 masturbating.

4.   Subsequent to receiving these images, Defendant told MV-1 via online messaging to send him more images and videos and that if MV-1 didn't he would send the pictures to

3

Def. Initials KB

all MV-1's online followers. As a result of Defendant's threat, MV-1 sent him more sexually explicit images.

5. Defendant knew that MV-1 was under 18 at the time of the offense.

6. Defendant agrees that the use of the internet constitutes a means and facility of interstate commerce.

7. From on or about August 9, 2019 through on or about May 5, 2020, Defendant engaged in online messaging communications with Minor Victim 2 (MV-2) who was 10 and then 11 years old the time of communication.

8. During these communications, Defendant asked MV-2 to send him sexually explicit images and videos. In these communications, Defendant pretended to be 12 years old when he was actually 20 years old. He pretended to be 12 years old in order to persuade, induce and entice MV-2 to send him sexually explicit images and videos.

9. As a result of these communications and requests by Defendant, MV-2 sent Defendant sexually explicit pictures and videos, including images of MV-2 naked and videos of MV-2 masturbating.

10. Subsequent to receiving these images, Defendant told MV-2 via online messaging to send him more images and videos and that if MV-2 didn't he would send the pictures to all MV-2's online followers. As a result of Defendant's threat, MV-2 sent him more sexually explicit images and videos including a video of MV-2 masturbating.

Def. Initials K&

11.   Defendant knew that MV-2 was under 18 at the time of the offense.

### III

### PENALTIES

The crimes to which Defendant is pleading guilty carry the following maximum penalties for each count:

A.   A mandatory minimum 10 years in prison and a maximum of life in prison;

B.   a maximum $250,000 fine;

C.   a mandatory special assessment of $100;

D.   an additional mandatory special assessment of $5,000 for violating 18 U.S.C. § 2422(b) made in accordance with 18 U.S.C. § 3014;

E.   restitution pursuant to 18 U.S.C. § 2429;

F.   a term of supervised release of at least 5 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release;

G.   Forfeiture of all property real and personal, used or intended to be used to commit or to facilitate the commission of the offense; and any property, real or personal, constituting or derived from, any proceeds

Def. Initials K B

1     obtained, directly or indirectly, as a result of the
2     offense; and

3     H.    Registration as a sex offender under the Sex Offender
4           Registration and Notification Act.**

5     Defendant understands that by pleading guilty defendant may
6 become ineligible for certain federal benefits.

7     **Defendant further understands, acknowledges and agrees to
8 the following concerning his sex offender registration: I am
9 required to register and keep my registration current in each of
10 the following jurisdictions: where I reside; where I am an
11 employee; and where I am a student.  I understand that the
12 requirements for registration include providing my name, my
13 residence address, and the names and addresses of any places where
14 I am or will be an employee or a student, among other information.
15 I further understand that the requirement to keep the registration
16 current including informing at least one jurisdiction in which I
17 reside, am an employee, or am a student not later than three
18 business days after any change of my name, residence, employment,
19 or student status.  I have been advised, and understand, that
20 failure to comply with these obligations subjects me to prosecution
21 for failure to register under federal law, 18 U.S.C. § 2250, which
22 is punishable by fine or imprisonment, or both.

23                              IV
                 **DEFENDANT'S WAIVER OF TRIAL RIGHTS AND
24               UNDERSTANDING OF CONSEQUENCES**

25    This guilty plea waives Defendant's right at trial to:

26

27

28

                              6

                                        Def. Initials ___

A.   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages;

D.   Confront and cross-examine adverse witnesses;

E.   Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.   Not testify or have any adverse inferences drawn from the failure to testify.

**V**

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

Def. Initials KB

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY
## PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.  Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.  No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.  No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.  Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT
## OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

Def. Initials KB

8

1    The sentence imposed will be based on the factors set forth
2  in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing
3  judge   must   consult   the   United   States   Sentencing   Guidelines
4  (Guidelines) and take them into account. Defendant has discussed
5  the  Guidelines  with  defense  counsel  and  understands  that  the
6  Guidelines are only advisory, not mandatory. The Court may impose
7  a sentence more severe or less severe than otherwise applicable
8  under  the  Guidelines,  up  to  the  maximum  in  the  statute  of
9  conviction. **Defendant agrees to request that the Court order a**
10 **presentence report**. The sentence cannot be determined until a
11 presentence report is prepared by the U.S. Probation Office and
12 defense counsel and the Government have an opportunity to review
13 and  challenge  the  presentence  report.  Nothing  in  this  plea
14 agreement  limits  the  Government's  duty  to  provide  complete  and
15 accurate facts to the district court and the U.S. Probation Office.

16                                        **IX**

17       **SENTENCE IS WITHIN THE SOLE DISCRETION OF THE JUDGE**

18    This  plea  agreement  is  made  pursuant  to  Federal  Rule  of
19 Criminal Procedure 11(c)(1)(B). The sentence is within the sole
20 discretion  of  the  sentencing  judge  who  may  impose  the  maximum
21 sentence provided by statute. It is uncertain at this time what
22 Defendant's sentence will be. The Government has not made and will
23 not  make  any  representation  about  what  sentence  Defendant  will
24 receive. Any estimate of the probable sentence by defense counsel
25 is  not  a  promise  and  is  not  binding  on  the  Court.  Any
26 recommendation by the Government at sentencing also is not binding
27 on the Court. If the sentencing judge does not follow any of the
28

                                     9
                                                    Def. Initials KB

1  parties' sentencing recommendations, Defendant will not withdraw
2  the plea.

3                                    X

4              **PARTIES' SENTENCING RECOMMENDATIONS**

5      A.   SENTENCING GUIDELINE CALCULATIONS

6          Although the Guidelines are only advisory and just one factor
7  the Court will consider under 18 U.S.C. § 3553(a) in imposing a
8  sentence, the parties will jointly recommend the following Base
9  Offense Level, Specific Offense Characteristics, Adjustments, and
10 Departures:

11
12             1.   Base Offense Level [§ 2G1.3(a)(3)]        28
               2.   Misrepresentation  [§ 2G1.3(b)(2)]        +2
               3.   Use of a computer  [§ 2G1.3(b)(3)]        +2
13             4.   Minor Under 12 years [§ 2G1.3(b)(5)]      +8
               5.   Combined Offense Level [§ 3D1.4(b)(5)]    +2
14             6.   Acceptance of Responsibility [§ 3E1.1]    −3
                                                              ──
                                                              39
15
16     B.   ACCEPTANCE OF RESPONSIBILITY

17         Despite paragraph A above, the Government need not recommend
18 an adjustment for Acceptance of Responsibility if Defendant
19 engages in conduct inconsistent with acceptance of responsibility
20 including, but not limited to, the following:

21             1.   Fails to truthfully admit a complete factual basis
22                  as stated in the plea at the time the plea is
23                  entered, or falsely denies, or makes a statement
24                  inconsistent with, the factual basis set forth in
25                  this agreement;

26             2.   Falsely denies prior criminal conduct or
27                  convictions;

28                                          Def. Initials KB

                                   10

3.    Is untruthful with the Government, the Court or probation officer; or

4.    Breaches this plea agreement in any way.

C.    FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.    NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.    PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The United States will recommend that Defendant be sentenced to the greater of: a sentence within the guidelines range as calculated by the Government after incorporating a downward variance under 18 U.S.C. § 3553(a) that is the equivalent of two levels under the Sentencing Guidelines, or the 10 year mandatory minimum sentence.[1]

---

[1]    This variance is for Defendant's waiver of indictment during the judicial emergency declared in Orders of the Chief Judge 18,

Def. Initials

1      G.   SPECIAL ASSESSMENT/FINE/RESTITUTION/FORFEITURE

2           1.   Special Assessment

3      The parties will jointly recommend that Defendant pay a

4  special assessment in the amount of $100.00 per felony count of

5  conviction to be paid forthwith at time of sentencing.

6      In addition, unless the sentencing court finds the Defendant

7  to be indigent, the parties also will jointly recommend that

8  Defendant pay an additional special assessment in the amount of

9  $5,000 per count of qualifying conviction, which shall not be

10 payable until Defendant satisfies all outstanding fines, orders of

11 restitution, and any other obligation in this case related to

12 victim-compensation.   The   Special assessments shall be paid

13 through the office of the Clerk of the District Court by bank or

14 cashier's check or money order made payable to the "Clerk, United

15 States District Court."

16          2.   Fine

17     The parties will not recommend imposition of a fine due to

18 Defendant's limited financial prospects and because the cost of

19 collection, even taking into account the Inmate Responsibility

20 Program, likely would exceed the amounts that could reasonably be

21 expected to be collected.

22          3.   Forfeiture

23     The Defendant agrees and consents to the forfeiture to the

24 United States of all property seized in connection with this case.

25 _____
   et seq., as well as Defendant's waiver of any claim that this
26 prosecution violates any prompt presentment or Speedy Trial Act
   provisions, including Fed. R. Crim. P. 5 and 5.1 and 18 U.S.C. §
27 3161.

28
                              12                    Def. Initials _KB_

Defendant consents and agrees to the immediate entry of order(s) of forfeiture as the Government deems necessary. Defendant agrees that upon execution of this plea agreement the Defendant's interest(s) in any and all seized properties is terminated. Defendant waives all rights to receive notices of any and all forfeitures. Defendant agrees that by signing this plea agreement he/she is immediately withdrawing any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process(es). Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility. Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s). Defendant further agrees to waive all constitutional and statutory challenges (including direct

Def. Initials 

13

appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

H.   SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. This waiver includes, but is not

Def. Initials 

1    limited to, any argument that the statute of conviction or
2    Defendant's prosecution is unconstitutional and any argument that
3    the facts of this case do not constitute the crime charged. The
4    only exceptions are 1) Defendant may appeal a custodial sentence
5    above the high end of the guideline range recommended by the
6    Government at sentencing, and 2) Defendant may collaterally attack
7    the conviction or sentence on the basis that Defendant received
8    ineffective assistance of counsel. If Defendant appeals, the
9    Government may support on appeal the sentence or restitution order
10   actually imposed.

11                                  **XII**

12              **BREACH OF THE PLEA AGREEMENT**

13        Defendant and Defendant's attorney know the terms of this
14   agreement and shall raise, before the sentencing hearing is
15   complete, any claim that the Government has not complied with this
16   agreement. Otherwise, such claims shall be deemed waived (that is,
17   deliberately not raised despite awareness that the claim could be
18   raised), cannot later be made to any court, and if later made to
19   a court, shall constitute a breach of this agreement.

20        Defendant breaches this agreement if Defendant violates or
21   fails to perform any obligation under this agreement. The following
22   are non-exhaustive examples of acts constituting a breach:

23             1.   Failing to plead guilty pursuant to this agreement;
24             2.   Failing to fully accept responsibility as
25                  established in Section X, paragraph B, above;
26             3.   Failing to appear in court;
27             4.   Attempting to withdraw the plea;

28                                                    Def. Initials _KB_

                                  15

5.    Failing to abide by any court order related to this case;

6.    Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

7.    Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible

Def. Initials KB

16

1  against Defendant in any prosecution of, or any action against,

2  Defendant. This includes the prosecution of the charge(s) that is

3  the subject of this plea agreement or any charge(s) that the

4  prosecution agreed to dismiss or not file as part of this

5  agreement, but later pursues because of a breach by the Defendant.

6  Additionally, Defendant knowingly, voluntarily, and intelligently

7  waives any argument that the statements and any evidence derived

8  from the statements should be suppressed, cannot be used by the

9  Government, or are inadmissible under the United States

10  Constitution, any statute, Rule 410 of the Federal Rules of

11  Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure,

12  and any other federal rule.

13  **XIII**

14  **CONTENTS AND MODIFICATION OF AGREEMENT**

15  This plea agreement embodies the entire agreement between the

16  parties and supersedes any other agreement, written or oral. No

17  modification of this plea agreement shall be effective unless in

18  writing signed by all parties.

19  **XIV**

20  **DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

21  By signing this agreement, Defendant certifies that Defendant

22  has read it (or that it has been read to Defendant in Defendant's

23  native language). Defendant has discussed the terms of this

24  agreement with defense counsel and fully understands its meaning

25  and effect.

26  //

27  //

28

17

Def. Initials

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

ROBERT S. BREWER, JR.
United States Attorney

*Andrew Sherwood*

3/22/21

DATED

ANDREW SHERWOOD
Assistant U.S. Attorneys

3/22/2021

DATED

GEORGE GEDULIN
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.

2/16/2021

DATED

KEVIN ALEXIS BRITO
Defendant

Approved By:

/s/ Alexandra F. Foster
ALEXANDRA FOSTER
Assistant U.S. Attorney

18

Def. Initials _____