George Gedulin SBN 277660
Law Office of George Gedulin
12636 High Bluff Drive, Suite 400
San Diego, CA 92130
Phone: (858)333-5231
Fax: (858)519-5671
george@gedulinlaw.com

Attorney for Defendant, **KEVIN ALEXIS BRITO**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### HONORABLE DANA SABRAW

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>Kevin Alexis Brito,<br><br>           Defendant. | Case No.: 3:20-CR01479-DMS<br><br>**KEVIN ALEXIS BRITO SENTENCING MEMORANDUM**<br><br>DATE: 10/20/2021<br>TIME: 9AM<br>DEPT: 13A |

    Mr. Brito comes before the Court having admitted to this offense for which he stands prepared to be sentenced. From the first interaction he had with law enforcement he has been forthright and honest about his actions. Mr. Brito has expressed personal disgust and remorse for what he has done and the conduct he engaged in. His own words now and those reflected from his psychological analysis demonstrate a man acutely aware of his actions with the young victims in this case and the impact such interactions and child pornography have on its victims and families.

    Ms. Brito comes before the court embarrassed, remorseful and expressing a true desire to be rehabilitated and emerge from custody a changed and productive individual. With the arguments detailed below and the attached psychological report and support letters, Mr. Brito requests this

Court to vary from the sentencing guidelines and impose a sentence of no more than 10 years custody.

I. **THE INDIVIDUAL BEFORE THE COURT**

In the "PSR" Mr. Brito acknowledges fully the wrongfulness of his conduct and the harm which such action causes. When he had his initial contact and interview with law enforcement agents at his home he did not deny or minimize his conduct. Mr. Brito was forthright and honest about what he had done.

II. **Mr. Brito requests this Court follow the recommendations of Probation in their PSR.**

Mr. Brito asks this Court to look at the PSR and psychological report of Dr. Judith Meyers from November 16, 2020. The PSR provides a good synopsis of the findings of Dr. Meyer's evaluation and assessments of his Diagnosis.

It is important that the report from Dr. Meyers gives detail not only on his own psychological conditions which include PTSD, Personality Disorder and Dysthmic disorder; but also go in depth about his past sexual trauma's and what led to his conduct in the present case.

As is so often the case with young people who are charged with offenses involving the abuse of minors, they themselves suffered sexual abuse only a few years prior. Mr. Brito's conduct and seeking victims online is not excusable. The laws and guidelines provide ample mechanisms for the Court to punish and deter similar future conduct. However we ask the Court to consider that Mr. Brito was himself a victim of physical sexual abuse from his uncle at the age of 10 and further abuse from his Father at age 14.

We ask the Court to consider also that Mr. Brito is 21 years old; 20 years old around the time the offenses were committed. The brain of a 19/20 year old is still changing physiologically and continues to do so for several years after. The emotional development of males often continues

until the age of 25. This is not to say that his lack of maturity should absolve him of the consequences of this case. The sad reality is that the mind of victims of sexual abuse often is delayed or damaged from normal development, both physically and mentally. Mr. Brito is now in custody and will be for a considerable period. This will allow him to receive treatment and therapy to deal with those diagnosis listed by Dr. Meyers in her report.

It can be said unfortunately that the victims in this case will also need counseling and could have issues in their own psychological development. The ultimate question for this Court is how to appropriately impose a custodial sentence on Mr. Brito which punishes and deters, but not in excess of what is reasonable.

A 10-year sentence on a 21 your old man would mean he will not leave prison until he is around 30 years old. This will mean that upon release he will be only 30 years old having spent 1/3 of his life in Prison. Perhaps at the most formative and important decade in any person's life. Mr. Brito has accepted this fact and plead guilty in this offense early; wanting to accept responsibility and proceed to sentencing. A sentence beyond 10 years would be excessive and beyond a reasonable sentence. This is based not only on the conduct in this case but also the background and issues specific to Mr. Brito that should compel this Court to impose no more than 10 years custody.

### III.   Important Factors for Court to consider

There are several reasons the Court should consider as related to Mr. Brito for why the sentence should be lower that the guideline range:

- Prior to this case Mr. Brito had no criminal cases.
- Mr. Brito has strong family support that can assist him to succeed, seek treatment and employment upon his release.
- Mr. Brito is deeply aware and pained by the harm to the children involved in this case. He is ashamed he participated in any way in furthering their victimization in any

- way and is beginning to recognize that he will need to work his entire life to ensure that the trauma's inflicted on him or not suffered by other victims.
- He speaks sincerely about the regret he has for the pain he caused his family with this case but also the pain suffered by the victims.
- The report from **Dr. Meyers** gives a treatment plan for Mr. Brito and expresses that
    > *"Given his age and immaturity, his lack of a criminal history, and his potential to respond favorably to treatment, I recommend that he be given an opportunity for rehabilitation that would allow for the safety of the community while potentially preventing future recidivism. There is a sex offender treatment program in San Diego directed by Dr. John Reavis, for example, and Mr. Brito would benefit from its developmental and cognitive behavioral approach. I further recommend a period of psychiatric treatment on medication to address his depression and anxiety. If remanded to prison, he should be referred to the CCCMS program, a mental health treatment program for mentally ill offenders. He needs to reflect upon his actions, and with the amelioration of his depression, he will improve his insight."*

    1. The report provides guidance that this is a young man, who can change his life and be rehabilitated in spite of this offense. The psychological diagnosis that Mr. Brito suffers are profound and deeply impact his interactions with the world and other people, including unfortunately the minor victims in this case.
    2. Mr. Brito's request of this court then is quite simple, to not ignore his age and potential to change and strive for a better way of living in the world. To allow him to serve the mandatory minimum sentence and spend these years learning and training his mind how to interact and cope with life in a way that ensures he will not harm others or himself.

- Included with this sentencing motion are The report of Dr. Judith Meyers; several letters of support including friends and Family:
    1. Report of Dr. Judith Meyers
    2. Personal Letter of Kevin Brito
    3. Letter of Rosalba Brito

4. Letter of Ivery Brito

5. Letter of Mitchell Hernandez

6. Letter of Joannie Brito Mata

7. Letter of Juana Mata

## IV.  CONCLUSION

Ms. Brito's actions that led to this case are not excusable and he has understood from the moment he was confronted by law enforcement there would be serious consequences. He has shown himself amenable and highly desirous of treatment and rehabilitation.

The Court can look to the 18 USC 3553 factors in determining what an appropriate sentence is for a particular defendant. Mr. Brito asks the Court to consider his plea and the sentencing guidelines therein but also his psychological and personal history which gives the Court significant issues to consider at sentencing.

Based on the Mr. Brito respectfully submits his request that the Court vary from the guidelines and impose no more than 120 months custodial time. This would be a sufficient sentence to deter him and others similarly situated from engaging in this criminal behavior.

DATED: October 12, 2021                                          /s/George Gedulin
                                                                 Attorney for Defendant,
                                                                 KEVIN BRITO